IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GEORGIA E. FULLMER,                           09-CV-1249-BR

          Plaintiff,

                                              OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
**Commissioner of Social
Security,**

          Defendant.


**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

          Attorneys for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1   -   OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2114

        Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Georgia E. Fullmer seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act respectively.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.


## ADMINISTRATIVE HISTORY

     Plaintiff filed her initial applications for DIB and SSI on December 3, 2001.  Tr. 33.[1]  Her applications were denied

---

     [1]Citations to the official transcript of record filed by the Commissioner on March 29, 2010, are referred to as "Tr."

2   -   OPINION AND ORDER

initially and on reconsideration.  Tr. 33-37.  An Administrative Law Judge (ALJ) held a hearing on March 10, 2003.  Tr. 313-59. At the hearing, Plaintiff was represented by a non-attorney. Tr. 313.  Plaintiff and a Vocational Expert (VE) testified at the hearing.  Tr. 326-55.

An ALJ issued an opinion on May 7, 2003, and found Plaintiff was not disabled and, therefore, was not entitled to benefits. Tr. 21-32.  That decision became the final decision of the Commissioner on March 29, 2007, when the Appeals Council denied Plaintiff's request for review.  Tr. 5-7.  On June 1, 2007, Plaintiff sought review of the Commissioner's decision in the District Court for the District of Oregon.  Tr. 381-82.  Based on a stipulation by the parties, the Court remanded the matter on April 4, 2008, for further administrative proceedings.  Tr. 383- 84.  The Court required the ALJ to reevaluate, *inter alia*:  the medical evidence in the record; Plaintiff's credibility; the lay- witness statements; the opinions of Plaintiff's treating, examining, and nonexamining physicians; and the mental and physical requirements of Plaintiff's past relevant work. Tr. 383-84.  On remand the Appeals Council specifically instructed the ALJ to evaluate the statements of Plaintiff's case manager, Patrick Rogers; the opinion of Heidi Dirkse, Plaintiff's rehabilitation counselor; and Plaintiff's mental impairment and resulting functional limitations.  Tr. 386-87.

Accordingly, an ALJ held a second hearing on November 19, 2008, at which Plaintiff was represented by an attorney. Tr. 413-44.  Plaintiff and a VE testified at the hearing. Tr. 413-44.  The ALJ issued an opinion on December 24, 2008, and found Plaintiff was not disabled during the relevant period and, therefore, is not entitled to benefits.  Tr. 369-80.  That decision became the final decision of the Commissioner on August 27, 2008, when the Appeals Council denied Plaintiff's request for review.  Tr. 360-62.

## BACKGROUND

Plaintiff was sixty-six years old at the time of the most recent hearing.  Tr. 417.  Plaintiff completed her education through the twelfth grade.  Tr. 169.  She has performed past work as an injection-molding machine operator, a garment sorter, a materials handler, and a coil winder.  Tr. 132-52, 344-45. Plaintiff alleges a disability onset date of August 3, 2001, and has sufficient quarters of DIB coverage through December 31, 2006.  Tr. 56, 411.  In addition, because Plaintiff has already attained retirement age and is eligible for retirement benefits under the Social Security Act, the relevant period for SSI benefits is from her alleged onset date of August 3, 2001, to January 2008.  Tr. 370.

Plaintiff alleges she is disabled due to depression and

anxiety, back pain, asthma, left wrist impairment, dizziness, and cognitive deficits. Tr. 33-34, 85, 93, 159, 165. She alleges her impairments limit her ability to stand and to walk, to grip objects, to lift and to carry, to understand and to follow instructions, to manage work stress, and to concentrate. Tr. 85, 321-40, 418-32.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After reviewing the medical records, the Court adopts the ALJ's summary of the medical evidence. *See* Tr. 427-40.


### STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  The court may not substitute its judgment for that of the
Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the

6   -  OPINION AND ORDER

meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

    In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

    If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The
Commissioner may satisfy this burden through the testimony of a
VE or by reference to the Medical-Vocational Guidelines set forth
in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.
If the Commissioner meets this burden, the claimant is not
disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in
substantial gainful activity since her alleged onset date of
August 3, 2001.  Tr. 372.

At Step Two, the ALJ found Plaintiff has the severe
impairments of borderline intellectual functioning, anxiety
disorder, depression, and back pain.  Tr. 372.  The ALJ also
found Plaintiff's asthma and left wrist impairment are not
severe.  Tr. 372.

At Step Three, the ALJ found Plaintiff does not have an
impairment or combination of impairments that meets or equals a
listed impairment.  Tr. 374.  For the relevant period, the ALJ
found Plaintiff had the RFC to perform "the full range of medium
work with minimal manipulative and vocational nonexertional
limitations."  Tr. 374.

At Step Four, the ALJ concluded Plaintiff was able to
perform her past relevant work as a donations site attendant

9  -  OPINION AND ORDER

(garment sorter, materials handler) during the relevant period.
Tr. 378.

At Step Five, the ALJ concluded Plaintiff had a sufficient
RFC to perform jobs that exist in significant numbers in the
national economy between Plaintiff's alleged onset date of
August 3, 2001, and January 2008. Tr. 379. Specifically, the
ALJ found Plaintiff had the ability during the relevant period to
perform jobs that require medium work such as laundry worker and
kitchen helper. Tr. 379.


**DISCUSSION**

Plaintiff contends the ALJ erred by (1) improperly
discrediting the opinion of Plaintiff's consulting psychologist,
Robinann Cogburn, Ph.D.; (2) improperly discrediting the opinion
of physician Anthony Lee, M.D.; (3) failing to find Plaintiff's
wrist impairment to be severe; (4) failing to consider whether
Plaintiff's combined mental impairments equal a listed
impairment; (5) improperly discrediting Plaintiff's testimony;
(6) improperly rejecting lay-witness statements; and
(7) providing an incomplete hypothetical to the VE.

**I.  Dr. Cogburn.**

Plaintiff contends the ALJ erred when he discredited the
opinion of Dr. Cogburn, Plaintiff's examining psychologist. The
ALJ gave "little weight" to Dr. Cogburn's assessment that

10  -  OPINION AND ORDER

Plaintiff suffers marked limitations as a result of her mental impairments.  Tr. 377.

**A.   Dr. Cogburn's Opinion.**

On December 4, 2001, Dr. Cogburn performed a comprehensive psychological examination of Plaintiff that consisted of a review of Plaintiff's medical records, a clinical interview, and a battery of five cognitive and personality tests.  Tr. 235. Dr. Cogburn diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, borderline intellectual functioning, and avoidant personality traits.  Tr. 239. Dr. Cogburn opined Plaintiff has marked limitations in social functioning, attention, concentration, persistence, and pace. Tr. 240.  Ultimately Dr. Cogburn concluded even though none of Plaintiff's impairments are disabling standing alone, the combination of depression, anxiety, cognitive deficits, and impaired social functioning afford Plaintiff few ways to compensate for the limitations on her ability to perform in workplace settings.  Tr. 240.

**B.   ALJ's Decision.**

The ALJ gave little weight to Dr. Cogburn's opinion with respect to the limitations that Plaintiff suffers as a result of her mental impairments.  Tr. 377.  Specifically, the ALJ gave four reasons for his conclusion:  (1) Plaintiff's "self reported active lifestyle" contradicts the limitations found by

Dr. Cogburn; (2) the record does not reflect Plaintiff's condition worsened, and Plaintiff had demonstrated the ability to work despite her impairments; (3) Plaintiff's medications successfully control her symptoms; and (4) no other medical evidence supports Dr. Cogburn's opinions.  Tr. 377.

The ALJ, however, gave "significant weight" to a Psychiatric Review Technique Form dated June 19, 2002, completed by nonexamining Disability Determination Services (DDS)[2] psychologists Frank Lahman, Ph.D., and Robert Henry, Ph.D.  They diagnosed Plaintiff with borderline intellectual functioning, borderline retardation, depression, and anxiety on the basis of their review of Plaintiff's medical records.  Tr. 252.  The DDS psychologists found Plaintiff suffers only moderate restrictions in her ability to understand, to remember, and to carry out detailed instructions; to maintain attention and concentration for extended periods; to interact appropriately with the general public; and to set realistic goals or to make independent plans. Tr. 247-48.

## C.  Analysis.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a

_____

[2] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a).

nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 602 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

The ALJ characterized Dr. Cogburn's examination of Plaintiff as a "consultative, one-time evaluation," but the ALJ, nonetheless, gave greater weight to the opinions of the nonexamining DDS psychologists.  In support of his assignment of weight to these opinions, the ALJ found Plaintiff's "self-reported active lifestyle" undermines the limitations set out by Dr. Cogburn.  Tr. 377.  Plaintiff reported she is able to perform some household chores, to read, to go to church, to go out to "watch bowling," and to do some window shopping.  Tr. 338-39, 425-26.  Plaintiff, however, described these activities as limited to a few hours a week and stated she could only perform these activities when she feels well.  Tr. 425-26.  Plaintiff testified she did not do any of these activities during some weeks.  Tr. 426.  Although Dr. Cogburn also noted Plaintiff's

ability to perform daily activities is not significantly impaired, Dr. Cogburn found Plaintiff lacked the ability to compensate in the workplace environment for her mental limitations. Tr. 236, 240. In any event, the ALJ did not explain how any of these activities undermine Dr. Cogburn's opinion or why these activities demonstrate Plaintiff does not suffer from severe cognitive deficits and severe impairment of her social functioning in a workplace setting.

The ALJ found Plaintiff demonstrated an ability to work despite her impairments and that the record did not reflect her condition had worsened. Tr. 377. Dr. Cogburn, however, found Plaintiff's "symptoms became worse" as demonstrated by her recent difficulties at work with concentration, keeping pace, and managing interactions with the public, her coworkers, and her bosses, which ultimately resulted in Plaintiff losing her job as an injection-molding machine operator for Epson and as a donation-site attendant for Goodwill Industries. Tr. 235-36, 240. In fact, the record contains Plaintiff's employment records from Goodwill, which reflect she was disciplined for, *inter alia*, not keeping pace with handling donations, complaints by her coworkers, and errors on her reports. Tr. 70-76. Dr. Cogburn concluded:

> [Plaintiff] appears to be an individual who
> has worked with limited intellectual, social,
> and psychological resources throughout her
> life. When she began to experience

14  -  OPINION AND ORDER

> occupational performance problems she had
> very few reserves with which to cope or adapt
> to changes in her abilities an in workplace
> demands.  When the demands outstripped er
> resources, she experienced increasing
> symptoms of depression, anxiety, and social
> dysfunction.

Tr. 240.

The ALJ also found Plaintiff's medication effectively controls her symptoms, which, according to the ALJ, undermines Dr. Cogburn's conclusions about the extent of Plaintiff's impairments.  Tr. 377.  This fact alone, however, is not sufficient to undermine Dr. Cogburn's conclusions about Plaintiff's limitations because the record reflects Dr. Cogburn accounted for Plaintiff's success with medications as to her depressive symptoms and noted Plaintiff stated she had been taking antidepressants with good effect for three years. Tr. 236, 240.  Despite his finding, Dr. Cogburn concluded Plaintiff would need additional mental-health treatment in order to improve.  Tr. 240.  Even if Plaintiff's depressive symptoms have been controlled to some degree with medication, that fact does not undermine Dr. Cogburn's opinion with respect to Plaintiff's limitations arising from borderline intellectual functioning.

Finally, the ALJ concluded Dr. Cogburn's opinion is not corroborated by other medical evidence in the record.  Tr. 377. There is not, however, a requirement that a treating or examining

15  -  OPINION AND ORDER

physician's opinion must be corroborated by other evidence in the record.  Furthermore, the ALJ did not identify any medical evidence in the record that contradicts Dr. Cogburn's assessment other than the opinions of the nonexamining DDS physicians.  As noted, the record contains only two reports by psychologists with respect to Plaintiff's mental impairments:  the report of Dr. Cogburn and the review of Plaintiff's records by the DDS psychologists.  Only Dr. Cogburn performed an examination of Plaintiff, and he formed his opinion based on Plaintiff's performance on a battery of psychological and cognitive tests. The DDS psychologists reached their conclusions based solely on a review of the record (which, as noted, contained only Dr. Cogburn's psychological assessment), and those psychologists did not explain why their opinions regarding the extent of Plaintiff's limitations differed from those of Dr. Cogburn.

In any event, the record contains substantial evidence that supports Dr. Cogburn's assessment and contradicts the conclusions of the DDS psychologists.  For example, on October 24-26, 2001, Heidi Dirkse, M.S. and Certified Rehabilitation Counselor, and Holly Beckman, B.S. and Vocational Consultant, performed a comprehensive vocational evaluation of Plaintiff that consisted of a set of thirteen tests of Plaintiff's physical and mental capacity for performing gainful work.  Tr. 85-91.  Among their many findings (which are consistent with Dr. Cogburn's

16  -  OPINION AND ORDER

assessment), Dirske and Beckman found Plaintiff reads at a sixth-grade level; spells at a fifth-grade level; performs arithmetic at a fourth-grade level; has severe neuromotor deficits in upper-body strength, lower-body coordination, balance, and fine motor skills; has severe deficits in her ability to respond to interpersonal and environmental stress in the workplace; and has below-average memory functioning.  Tr. 88-90.  Dirske and Beckman concluded Plaintiff would have "significant problems earning at a competitive rate" without the substantial vocational training recommended by them.  Tr. 90-91, 172.  The ALJ discredited the evaluation by Dirske and Beckman as being of "little evidentiary value" because Dirske and Beckman are not acceptable medical sources and their report lacks "specific work-related limitations."  Tr. 377.  Although it is true that Dirske and Beckman are not medical sources, their report provides a comprehensive evaluation of Plaintiff's work-related abilities that, when viewed in light of Dr. Cogburn's report, constitutes substantial evidence of Plaintiff's mental limitations.

In addition, the third-party statement of Patrick Rogers, Plaintiff's case manager, also supports the limitations found by Dr. Cogburn, Dirske, and Beckman.  Tr. 101-12.  On February 19, 2002, Rogers completed a Third-Party Information on the Activities of Daily Living and Socialization form on behalf of Plaintiff.  Tr. 101-12.  Rogers stated he saw Plaintiff once per

17  -  OPINION AND ORDER

month in his role as her case manager.  Tr. 101.  Rogers

indicated Plaintiff engages in limited activities each week such

as attending church or visiting with a friend.  Tr. 101-06.

Moreover, Rogers stated Plaintiff has a very limited network of

social relationships that are often strained.  Tr. 102-05.

Rogers also noted Plaintiff was instructed by her psychologist

not to drive an automobile.  Tr. 104.  Rogers states Plaintiff

"is not able to concentrate on tasks, does not complete duties,

[and] does not get along with co-workers as a result."  Tr. 111.

Rogers ultimately concluded Plaintiff is unable to "function in

an employment setting" because her mental problems limit her

ability to perform the required functions.  Tr. 111-12.

     The ALJ found these statements were based almost entirely on

Plaintiff's subjective statements and, therefore, gave Rogers's

statements "little weight."  Tr. 377.  Even though the ALJ

discredited Rogers's statements because of what the ALJ perceived

as limited contact with Plaintiff, it is not clear on this record

how much time Rogers spent with Plaintiff or in what setting.  As

noted, the ALJ, nevertheless, gave significant weight to the

opinions of nonexamining psychologists as opposed to the opinions

of Dr. Cogburn, Dirske, Beckman, and Rogers who each personally

interacted with Plaintiff.

     In any event, when viewed in light of the record as a whole,

Rogers's statements reflect Plaintiff's impaired mental capacity

18  -  OPINION AND ORDER

to sustain concentration, difficulty in managing social relationships, and limited activities of daily living. Significantly, the ALJ does not point to any evidence in the record that contradicts Rogers's description of Plaintiff's limited daily activities and socialization.

Based on the foregoing, the Court finds the ALJ's reasons for assigning little weight to Dr. Cogburn's opinion as to the severity of Plaintiff's mental impairments are not supported by substantial evidence in the record, and the ALJ's sole reliance on the opinions of nonexamining DDS physicians is insufficient to support such little weight. *See Lester*, 81 F.3d at 831. The Court, therefore, concludes the ALJ erred when he discredited Dr. Cogburn's opinion without providing legally sufficient reasons supported by substantial evidence in the record for doing so.

## REMAND

Having found the ALJ erred when he improperly discredited the opinions of Dr. Cogburn, the Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may

19  -  OPINION AND ORDER

"direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for discrediting the opinion of Dr. Cogburn, the Court credits his opinion as true. *See Benecke v. Barnhart* 379 F.3d 587, 594 (9th Cir. 2004)(when "the ALJ fail[s] to provide legally sufficient reasons for rejecting . . . [a] physician['s] opinion[]," the court credits that opinion as true). *See also Lester*, 81 F.3d at 834 (improperly-rejected physician opinion is credited as a matter of law). When credited, Dr. Cogburn's opinion establishes Plaintiff

20  -  OPINION AND ORDER

suffered during the relevant period from marked limitations on social functioning, concentration, persistence, and pace as a result of the severe impairments of depression, anxiety, and borderline intellectual function.  Tr. 240.  Dr. Cogburn's opinion also establishes Plaintiff did not have the ability due to her limited intellectual, social, and psychological resources to compensate for these limitations in a workplace setting. Tr. 240.

At the first hearing before the ALJ, the VE testified a hypothetical claimant with Plaintiff's RFC and marked limitations in her ability to concentrate would not be able to maintain competitive employment in skilled or unskilled positions. Tr. 354-58.  At the second hearing before the ALJ, the VE testified a hypothetical claimant with Plaintiff's RFC and a marked limitation in concentration, persistence, and pace would not be able to perform Plaintiff's past relevant work or to competitively maintain any other job that exists in significant numbers in the national economy.  Tr. 442.

On this record, the Court concludes Plaintiff cannot competitively sustain gainful employment and, therefore, was disabled during the relevant period and is entitled to benefits. Thus, the Court finds additional proceedings would be futile.

Because the Court has credited the opinion of Dr. Cogburn, which results in a finding that Plaintiff is entitled to

benefits, the Court does not need to address Plaintiff's remaining arguments.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 29th day of December, 2010.

/s/ Anna J, Brown

_____
ANNA J. BROWN
United States District Judge

22  -  OPINION AND ORDER